798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James PALMER, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 85-1345.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 James Palmer appeals the district court's decision affirming the Secretary's denial of his claim for disability and supplemental income benefits.
 
 
 2
 Palmer's applications for benefits were first filed on August 19, 1983. In his applications he alleged he became unable to work in July 1982 due to back and lung complications. Following the denial of the applications, a hearing was held before an administrative law judge on April 27, 1984. The administrative law judge found that Palmer was not disabled and therefore not entitled to any benefits. After an unsuccessful challenge of this decision before the Appeals Council, Palmer properly brought suit in district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g). On March 29, 1985, the district court granted the Secretary's motion for summary judgment, thereby dismissing Palmer's complaint. Palmer now seeks review here.
 
 
 3
 Our review, of course, is limited to whether or not substantial evidence exists on the record, when considered as a whole, to support the Secretary's findings. Richardson V. Perales, 402 U.S. 389, 401 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cr.1981). Considering the record as a whole, we are constrained to conclude that Palmer has not satisfied his requirement of proving a severe impairment, and that the Secretary's findings are supported by substantial evidence.
 
 
 4
 Palmer was sixty years old at the time of his hearing. He has a seventh-grade education and past relevant work experience as a roofer and a roofing foreman. He alleges he seriously injured his back while working on May 6, 1992, but an examination shortly thereafter did not indicate he was suffering any severe disability.
 
 
 5
 Dr. Herz examined claimant on June 24, 1982, admitted him to a hospital in July 1982, and saw him again in his office on August 13, 1982. Herz found Palmer had a normal gait, had no motor, sensory, or reflex abnormality, and had a range of motion that was about 60% of normal. Nonetheless, because Palmer's roofing work required binding and twisting Dr. Herz suggested he not return to work immediately.
 
 
 6
 On December 1, 1982, Dr. Herz reexamined Palmer at Palmer's request. Dr. Herz found Palmer had regained a full range of motion, had no tenderness, or neurological deficit, and was fit for employment. Palmer attempted to work again but was laid off and collected unemployment compensation.
 
 
 7
 In August, 1983 after Palmer filed his applications he was examined by other physicians. Medical reports, from Drs. Krecke, Stern, Achem and Farber lend nothing in terms of support for his allegation of a severe disability. Similarly, Palmer's own actions and testimony indicate he does not have a severe impairment.
 
 
 8
 Palmer injured his back in July, 1982. He received worker's compensation from that time until December, 1982 when he was photographed on a roof working. Following being photographed he visited Dr. Kern again who approved his return to work. It appears the only reason he did not work thereafter was because he was laid off. In his testimony Palmer acnowledged collecting unemployment after being laid off in December, 1982 and going to the unemployment office every two weeks and teHinar office personnel he could work and was looking for work. An these actions suggest Palmer's allegations of disability are not credible and clearly support the finding of the administrative law judge that Palmer was not credible.
 
 
 9
 Palmer also alleges disability due to severe pulmonary problems and pain. A review of the record, however, reveals that no objective evidence exists which would support a finding of disability on these grounds. In addition, due to the subjective nature of pain, Palmer's lack of credibility weakens this particular argument.
 
 
 10
 The decision of the district court is affirmed.